JUSTIN KIRK TABAYOYON, S.B.N. 288957
**LAW OFFICES OF JUSTIN KIRK TABAYOYON**
1000 North Texas Street, Suite A
Fairfield, CA 94533
Telephone: (707) 726-6009
Facsimile:   (925) 826-3504
justin@tabayoyonlaw.com

Attorney for Plaintiff, Francisco Rodrigo Galvan

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGO GALVAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF VACAVILLE, Government Entity, CITY OF VACAVILLE POLICE CHIEF JOHN CARLI, in his individual capacity; AARON POTTER, MARC RAYMOND, BRIAN HALLEY, CHRIS HILL, individually and in their official capacities as Police Officers for City of Vacaville, and DOES 1-50, individually and in their official capacities as peace officers, jointly and severally,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. §§ 1983)**<br><br><br>**DEMAND FOR JURY TRIAL** |

### JURISDICTION

1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343.

### VENUE AND INTRADISTRICT ASSIGNMENT

2. The unlawful acts and practices alleged herein occurred in the City of Vacaville, County of Solano, California, and this action is properly assigned to the United States District Court for the Eastern District of California. Venue lies in this Court pursuant to 28 U.S.C. § 1392(b)(2).

1

## **PARTIES AND PROCEDURE**

2

3. Plaintiff FRANCISCO RODRIGO GALVAN ("GALVAN") is, and was at all relevant times

3

herein mentioned, a competent adult resident of the State of California.

4

4. Defendant CITY OF VACAVILLE ("CITY"), California, is a public entity established by the

5

law and Constitution of the State of California, and owns, operates, manages, directs, and

6

controls the Vacaville Police Department ("VVPD") which employs other defendants in this

7

action.

8

5. Defendant JOHN CARLI ("CHIEF") was, at the times relevant hereto, the Chief of Police

9

for VVPD, and in such capacity was responsible for, among other things, the employment,

10

discharge, training, supervision, control, assignment and discipline of all sworn and civilian

11

personnel of VVPD, and the formulation, promulgation, adoption, application, implementation,

12

administration, enforcement and revocation of the policies and practices of VVPD. He is sued

13

individually.

14

6. Defendant AARON POTTER ("POTTER") was, at all times relevant hereto, employed as

15

a police officer for CITY. Defendant POTTER is sued as an individual as well as in his official

16

capacity as a police officer for CITY.

17

7. Defendant MARC RAYMOND ("RAYMOND") was, at all times relevant hereto, employed

18

as a police officer for CITY. Defendant RAYMOND is sued as an individual as well as in his

19

official capacity as a police officer for CITY.

20

8. Defendant BRIAN HALLEY ("HALLEY") was, at all times relevant hereto, employed as a

21

police officer for CITY. Defendant HALLEY is sued as an individual as well as in his official

22

capacity as a police officer for CITY.

23

9. Defendant CHRIS HILL ("HILL") was, at all times relevant hereto, employed as a police

24

officer for CITY. Defendant HILL is sued as an individual as well as in his official capacity as a

25

police officer for CITY.

26

10. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as

27

DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

28

Upon ascertaining the identity of a DOE defendant, Plaintiff will amend this complaint or seek

*Complaint for Violations of Civil Rights*

leave to do so by inserting the true name of such "DOE" defendant.

11. Plaintiffs are informed and believe and thereon allege that each DOE defendant is responsible in some manner for the injuries and damages set forth herein. At all times mentioned, each named DOE defendant was the agent, employee or otherwise a co-venturer of CITY, and in doing the things alleged, was acting under the color of state law and within the course and scope of the agency or employment and with the actual or implied permission, consent, and approval of CITY.

12. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and/or false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control upon any other act or omission.

13. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment with CITY. Due to the acts and/or omissions alleged herein, defendants, and each of them, acted under the color of authority and/or the color of law. Due to the acts and/or omissions, alleged herein, defendants, and each of them, acted as the agent, servant, employee, and/or in concert with each of said other defendants herein.

14. The acts and omissions of all defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the VVPD.

15. The time to commence a 42 U.S.C. 1983 action is the statute of limitations of the forum state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985).

16. In California, the period prescribed for the commencement of an action for a personal injury action is two years pursuant to Code of Civil Procedure section 335.1.

17. The causes of action complained herein relate to an incident on January 25, 2015.

18. A criminal complaint was filed on January 27, 2015, by the People of the State of California in the Superior Court of California, County of Solano, against GALVAN related to the January 25, 2015, incident alleging GALVAN violated California Penal Code section 148,

3

subdivision (a), by willfully and unlawfully resisting, delaying, and obstructing POTTER acting as VVPD officer.

19. The filing of the criminal complaint against GALVAN on January 27, 2015, tolled the period for him to bring a lawsuit against the defendants pursuant to California Government Code section 945.3.

20. On January 31, 2018, a judgment of acquittal was entered in favor of GALVAN pursuant to California Penal Code section 1118.1.

21. The judgment of acquittal resumed the period that GALVAN had to commence an action.

22. GALVAN brings this action within the statutory period allowable to commence an action based on the tolling of the action pursuant to California Government Code section 945.3.

## GENERAL FACTUAL ALLEGATIONS

23. On or about January 25, 2015, GALVIN, Ashley Livadas ("ASHLEY"), Jessica Waldurn ("JESSICA"), Nicole Grunstad ("NICOLE"), and an unidentified male were having a social gathering at a drinking establishment on the outskirts of Vacaville called Judy's Bar, which is outside of Vacaville city limits in Solano County, California.

24. After leaving Judy's Bar, the group left in a vehicle together. ASHLEY was the sober designated driver for the group. During the car ride, there was a disagreement in the car about the sequence in which the occupants in the car would be dropped off by ASHLEY.

25. At some point, ASHLEY stopped the vehicle in the parking lot of Lowe's in Vacaville, and Jessica Waldurn ("JESSICA") called police because she claimed GALVAN was drunk and screamed at her.

26. ASHLEY and GALVAN walked off together on foot after JESSICA called the police, leaving the vehicle at the other occupants behind at Lowe's.

27. POTTER was dispatched to Lowe's in response to JESSICA's call to police dispatch. There he spoke with JESSICA. JESSICA told POTTER she did not think ASHLEY was safe with GALVAN. POTTER told JESSICA he saw GALVAN and ASHLEY on his way to Lowe's. POTTER said ASHELY did not attempt to "flag him down" and GALVAN was not dragging her

*Complaint for Violations of Civil Rights*

along with him. POTTER became frustrated with JESSICA and asked if ASHLEY was kidnapped. JESSICA replied she was not kidnapped. POTTER correspondingly told her "you're telling me nothing happened."

28. RAYMOND located GALVAN and ASHLEY near the intersection of Nut Tree Road and Orange Drive.

29. POTTER then drove to the intersection of Nut Tree Road and Orange Drive in Vacaville where RAYMOND, HALLEY, and HILL had located GALVAN. At the time POTTER arrived, GALVAN was standing talking to HALLEY and HILL, and HALLEY and HILL were directly in front of him flanking his left and right sides. POTTER silently crept up on GALVAN from behind while he was facing HALLEY and HILL. With POTTER was standing immediately behind GALVAN, the officers then used physical force on GALVIN without warning. HILL grabbed GALVAN's left arm with his left hand and GALVAN's left elbow with his right hand and used force to bring GALVAN's left arm behind his body and into a control hold. Simultaneously, POTTER used his right arm to place GALVAN in a chokehold from behind. POTTER, HILL, and HALLEY all used simultaneous physical force to take GALVAN to the ground.

30. GALVAN managed to avoid hitting the ground face-first by rotating his body during the fall and he landed on his right side facing POTTER who landed on his left side. HILL AND HALLEY, and POTTER quickly pushed GALVAN from his right side onto his back and POTTER mounted GALVAN by placing his knees on both sides of GALVAN and placing his weight on GALVAN's torso using his groin, buttocks, and thighs. HILL and HALLEY quickly held GALVAN's left and right arms down to the ground so he could not defend himself. POTTER then began to repeatedly punch GALVAN in the face. GALVAN was able to free one arm and roll from the supine position to the prone position (back to stomach) to avoid POTTER's continued closed fist strikes to his face. Once on his stomach with POTTER still on top of him and HALLEY and HILL again holding his arms, POTTER again repeatedly punched GALVAN in the face with a closed fist and then slammed GALVAN's face into the concrete. GALVAN lost consciousness due to POTTER striking him in the head and slamming his head in the concrete, and RAYMOND, POTTER, HILL, and HALLEY then placed GALVAN in

handcuffs and picked him up off the ground.

31. After GALVAN was handcuffed, POTTER, HALLEY, HILL, and/or DOES 1-26, purposefully slammed GALVAN's body into the side of a VVPD patrol vehicle prior to placing him inside the vehicle.

32. Almost immediately after the beating was over and GALVAN was placed in a patrol vehicle, POTTER bragged to DOE 1: "Fucking socked him in the face like four times." POTTER turned off his body worn camera in the middle of bragging to DOE 1 about repeatedly punching GALVAN in the face.

33. Defendants failed to follow generally accepted law enforcement standards and training and escalated the situation by using immediate and excessive force against GALVAN instead of attempting to deescalate the encounter.

34. Prior to using physical force on GALVAN, none of the officers told GALVAN he was detained or under arrest.

35. Following POTTER's beating of GALVAN, VVPD failed to discipline and/or retrain him and instead named POTTER its Officer of the Year for 2014.

36. Plaintiff is informed and believes and thereon alleges that CITY, VVPD, CHIEF, and DOES 26-50, and/or each of them, breached their duty of care to the public by failing to discipline defendants POTTER, HILL, HALLEY, RAYMOND, and DOES 1-25, inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants POTTER, HILL, HALLEY, RAYMOND, and DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy, or practice of promoting, tolerating, and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force, and the fabrication of official reports to cover up the misconduct of defendants POTTER, HILL, HALLEY, RAYMOND, and DOES 1-25, inclusive.

37. Plaintiff is informed and believes and thereon alleges that members of the VVPD, including but not limited to defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-50, and/or each of them, have individually, and/or while acting in concert with each other, engaged in a repeated pattern and practice of making improper detentions and/or false arrests

and using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff.

38. Plaintiff alleges on information and belief that as a matter of official policy, rooted in an entrenched posture of deliberate indifference to the constitutional rights of citizens, defendant CITY has long allowed people within CITY, such as Plaintiff, to be abused by its law enforcement officers, including by defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-50 and/or each of them, individually and/or while acting in concert with each other.

39. Because of the acts and/or omissions of defendants and/or each of them, as alleged herein, Plaintiff has suffered, and will likely continue to suffer in the future, general damages, including, but not limited to, general damages for pain, suffering, emotional distress, permanent disabilities, permanent injuries, and/or other general damages in amounts to be determined according to proof.

40. Plaintiff also suffered, and will likely suffer in the future, special damages, including but not limited to, special damages for medical and related expenses; lost wages and benefits; damage to career and/or loss of earning capacity; vocational and occupational rehabilitation expenses and/or other special damages in amounts to be determined according to proof.

41. The acts and/or omissions of defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-50, and/or each of them, were intentional, despicable, oppressive, punitive, malicious, and/or were done with a conscious and/or reckless disregard of Plaintiff's rights and safety, justifying an award of punitive damages.

42. Plaintiff found it necessary to engage in the services of private counsel to vindicate Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorney's fees and/or costs pursuant to the statute(s) in the event that Plaintiff is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.

*Complaint for Violations of Civil Rights*

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983

### Individual Liability

### (Against defendants POTTER, HILL, HALLEY, RAYMOND, and DOES 1-25)

43. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

44. In doing the acts and omissions complained of herein, defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, did act under color of state law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures;

    b. The right to be free from the use of excessive and unreasonable force by police officers;

    c. The right to not to be deprived of liberty without due process of the law.

45. These rights are substantive guarantees under the Fourth Amendments to the United States Constitution, which has been incorporated and applies to the states through the Fourteenth Amendment.

46. As a result of the violation of his constitutional rights by defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, GALVAN sustained the injuries or damages as alleged in this Complaint.

47. The conduct of defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them entitle Plaintiff to punitive damages and penalties allowable under 42 USC § 1983. Plaintiff does not seek punitive damages against CITY.

    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

*Complaint for Violations of Civil Rights*

**SECOND CAUSE OF ACTION**

**42 U.S.C. Section 1983**

**Municipal and Supervisory Liability**

**(Against CITY, CHIEF, and DOES 26-50)**

48. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

49. Plaintiff is informed and believes and thereon alleges the unconstitutional actions and/or omissions of defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 26-50, and/or each of them, and others employed by CITY, were pursuant to the following customs, policies, practices, and/or procedures of VVPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY and VVPD:

a. to use or tolerate the use of excessive and/or unjustified force;

b. to cover-up violations of constitutional rights by any and all of the following:

 i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and/or unlawful seizures;

 ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

 iii.  by allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or attempt to bolster officer stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information.

c. to allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and other law enforcement personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

d. to use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California

9

*Complaint for Violations of Civil Rights*

Government Code § 910 et seq.; and

    e. to fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (d) above, with deliberate indifference of the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs.

50. Plaintiff is informed and believes and thereon alleges the unconstitutional actions and/or omissions of POTTER, HILL, HALLEY, RAYMOND, and DOES 1-50, and other VVPD personnel, as described in the preceding and subsequent paragraphs, were approved, tolerated, and/or ratified by final policymakers for VVPD and/or CITY.

51. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers with the CITY and VVPD including CHIEF, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff was not justified and represented an unconstitutional use of unreasonable and excessive force following an unlawful detention and arrest.

52. Notwithstanding that knowledge, the authorized policy makers with CITY and VVPD have approved of the excessive use of force by defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, against Plaintiff, and have made a deliberate choice to endorse defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, use of force against Plaintiff. By so doing, the authorized policy makers within CITY and VVPD have shown affirmative agreement with the individual officers' actions, and have ratified the unconstitutional acts of the individual Defendant officers.

53. Plaintiff is informed and believes and thereon alleges the aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as unconstitutional order, approvals, ratification and toleration of wrongful conduct of POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-50, were a moving force and/or proximate cause of the

*Complaint for Violations of Civil Rights*

1    deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of

2    42 USC § 1983, as more full set forth in the preceding and subsequent paragraphs.

3        54. Plaintiff is informed and believes and thereon alleges CITY subjected Plaintiff to

4    wrongful conduct of defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 26-50,

5    depriving Plaintiff of rights described in the preceding and subsequent paragraphs, knowingly,

6    maliciously, and with conscious and reckless disregard for whether the rights and safety of

7    Plaintiff and others would be violated by their acts and/or omissions.

8        55. Plaintiff is informed and believes and thereon alleges CITY has a significant prior and

9    subsequent history of allowing its law enforcement officers to violate the rights of people within

10   CITY amounting to an official policy of approval and tolerance of that unlawful and

11   unconstitutional conduct. This history and failure to discipline and train officers following

12   instances where officers have violated the constitutional rights of people within CITY was a

13   moving force and proximate cause of the constitutional violations suffered by Plaintiff.

14       56. Plaintiff is informed and believe and thereon alleges that prior to January 25, 2015,

15   Defendants CITY, CHIEF, and/or DOES 26-50, and/or each of them, developed and

16   maintained policies or customs exhibiting deliberate indifference to the constitutional rights of

17   the citizens of CITY who were victims of excessive force. Defendants CITY, and/or DOES 26-

18   50, and/or each of them, ignored complaints of malfeasance and actively covered up for

19   officers thereby ratifying their unconstitutional unlawful acts. This was a moving force and

20   proximate cause of the violation of Plaintiff's constitutional rights

21       57. Plaintiff is informed and believes and thereon alleges that Defendant CITY has in the

22   past and continues to knowingly ratify the unconstitutional actions of employed law

23   enforcement officers by shifting the blame to the victims of excessive force, misusing the

24   criminal justice system to obtain privileged and private information to discredit said victims or

25   circumvent the discovery rules in civil rights violation matters.

26       58. Plaintiff is informed and believes and thereon alleges that Defendants CITY, and/or

27   DOES 26-50, and/or each of them, knowingly allowed subordinate personnel to intentionally

28   disperse false information to cover for officers' wrongdoing.

*Complaint for Violations of Civil Rights*

59. Plaintiff is informed and believes and thereon alleges instead of conducting a real investigation into law enforcement officers' wrongdoings, Defendant CITY, DOES 26-50, and/or each of them, had a policy and practice to deny any wrong doing and fail to discipline law enforcement officers for their wrongdoings. This was a moving force resulting in the constitutional violations Plaintiff suffered.

60. Plaintiff is informed and believes and thereon alleges that it was and still is the policy and/or custom of CITY, and DOES 26-50, and/or each of them, to inadequately and improperly investigate citizen complaints and claims of law enforcement misconduct, and said activity.

61. Plaintiff is informed and believes and thereon alleges because of the above described policies and customs, VVPD law enforcement officers, including defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-50, and/or each of them, believed that their actions would be ignored, approved and ratified by supervisors and that misconduct and/or excessive force would not be investigated or punished, and instead would be tolerated and condoned.

62. Plaintiff is informed and believes and thereon alleges that DOES 26-50, and/or each of them, were policy-makers, managers, and/or supervisors employed by VVPD who were personally responsible for adequately and/or properly supervising, training, and/or disciplining subordinate officers involved with GALVAN's incident with VVPD on January 25, 2015.

63. Plaintiff is informed and believes and thereon alleges that defendants CHIEF, DOES 26-50, and/or each of them, had knowledge of subordinates POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, prior unconstitutional conduct and their deliberate indifference to the plain and obvious need for further training was the moving force in the instant violation of Plaintiffs' constitutional rights.

64. Plaintiff is informed and believes and thereon alleges that CHIEF, DOES 26-50, and/or each of them, were responsible for investigating citizens' complaints against VVPD officers prior to January 25, 2015. These prior investigations imparted on each of them knowledge of prior constitutional violations by VVPD officer including defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25.

65. Plaintiff is informed and believes and thereon alleges that prior to January 25, 2015,

*Complaint for Violations of Civil Rights*

DOES 26-50, and/or each of them, knew VVPD officers including POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, so often violated constitutional rights of people within CITY that the need for further training was plainly obvious to DOES 26-50, and/or each of them, who, nevertheless, were deliberately indifferent to the need for further training.

66. Plaintiff is informed and believes and thereon alleges that the deliberate indifference of CHIEF and DOES 26-50, and/or each of them, was the moving force and was closely linked to Plaintiff's constitutional violations by POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25.

67. Plaintiff is informed and believes and thereon alleges that prior to January 25, 2015, DOES 26-50, and/or each of them, had often approved and reviewed reports from subordinate officers POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, and approved those reports knowing the use of force and/or the other actions of the officers was unconstitutional. The deliberate indifference of CHIEF and DOES 26-50, and/or each of them, to the unconstitutional actions of their subordinate law enforcement officers and the plainly obvious need for further training to prevent future and ongoing constitutional violations was the moving force causing Plaintiff's constitutional violations by POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them.

68. Plaintiff is informed and believes and thereon alleges that CHIEF and DOES 26-50, and/or each of them, caused the violation of Plaintiff's constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision, and/or discipline of GORDON, and/or DOES 1-25, and/or each of them, described in the preceding and subsequent paragraphs.

69. Plaintiff is informed and believes that thereon alleges DOES 26-50, and/or each of them, failed to properly hire, train, instruct, supervise, evaluate, investigate, and discipline Defendants GORDON, and/or DOES 1-25, and/or each of them, with deliberate indifference to Plaintiff's constitutional rights, and that deliberate indifference was the moving force behind Plaintiff's constitutional violations as described in the preceding and subsequent paragraphs.

70. As a direct and proximate result of the unconstitutional actions, omissions, customs, practices, polices, and procedures of CITY, CHIEF, and DOES 26-50, as described in the preceding and subsequent paragraphs, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs and attorneys' fees as set for in herein, and punitive damages against Defendants DOES 26-50 in their individual capacities.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### 42 U.S.C. 1983

### Failure to Intercede

### (Against POTTER, HILL, HALLEY, RAYMOND and DOES 1-25)

71. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

72. At the time of the subject incident POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, had a duty to intercede when POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, violated Plaintiff's constitutional rights in their immediately vicinity and presence.

73. POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them failed to intercede and stop POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, from violating Plaintiff's constitutional rights despite having a duty and a realistic opportunity.

74. Instead of interceding and taking action to stop POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, from violating Plaintiff's constitutional rights, POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them, watched and/or participated in the violation of Plaintiff's rights by assisting defendants POTTER, HILL, HALLEY, RAYMOND, and/or DOES 1-25, and/or each of them.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

*Complaint for Violations of Civil Rights*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a.  special and general damages in an amount to be determined according to proof and which is fair, just, and reasonable;

b.  punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against CITY);

c.  all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§1983, 1988, and as otherwise may be allowed by federal law; and

d.  such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues and claims for relief.

Dated:2/6/2018                    **LAW OFFICES OF JUSTIN KIRK TABAYOYON**

By:    /S/ Justin Kirk Tabayoyon
JUSTIN KIRK TABAYOYON
Attorney for Plaintiff

*Complaint for Violations of Civil Rights*